UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SPENCER NEAMAN, et al., | Case No. 2:16-CV-217 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA EX REL UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al. | |
| Defendant(s). | |

Presently before the court is the government's motion to dismiss counts two and four of the complaint. (ECF No. 11). Plaintiffs did not file a response, and the deadline to respond has now passed.

This is a medical malpractice action arising out of the care and treatment of F.N., a minor, in March 2013. (ECF No. 1). Wendover Community Health Center is a division of Nevada Health Centers, Inc. ("NHC"). NHC is a federally supported health center pursuant to the Public Health Service Act. 42 U.S.C. §§ 254(b), 224 (g)-(n). Consequently, Wendover Community Health Center and its employees are considered employees of the federal government. (ECF No. 11). As federal employees, any civil tort action against these individuals or entities is subject to the provisions of the Federal Tort Claims Act ("FTCA").

Plaintiffs allege that physician assistant Emilse Peraza, an employee of NHC, failed to diagnose F.N. with appendicitis on March 4, 2013. (ECF No. 1). Counts two and four of the complaint allege theories of negligent supervision, training, and hiring. (*Id.*). The government

**James C. Mahan**
**U.S. District Judge**

moves to dismiss counts two and four because they set forth claims expressly barred by the FTCA. (ECF. No. 11).

Pursuant to District of Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). However, the court will not automatically grant every unopposed motion.

Instead, the court must weigh the following factors before dismissing the action: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

Having considered the motion and plaintiff's complaint in light of the *Ghazali* factors, the court will grant the motion to dismiss counts two and four. The court finds that the first three factors—the public's interest in expeditiously resolving this litigation, the court's interest in managing the docket, and the risk of prejudice to defendants—all weigh in favor of dismissal. *See Ghazali*, 46 F.3d at 53; *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) (holding that a presumption of injury arises from the occurrence of unreasonable delay). The remaining factors are outweighed by the arguments supporting dismissal. Plaintiffs had ample opportunity to respond to the instant motion to dismiss and failed to do so. Based on the foregoing, the court will grant the government's motion to dismiss counts two and four of the complaint.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's motion to dismiss (ECF No. 11), be, and the same hereby is, GRANTED.

DATED May 23, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**