UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SPENCER NEAMAN, et al., | Case No. 2:16-CV-217 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA EX REL UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al. | |
| Defendant(s). | |

Presently before the court is defendant United States of America's (the "government") motion to dismiss. (ECF No. 33). Plaintiffs Spencer and Jacqueline Neaman filed a response (ECF No. 35), to which the government replied (ECF No. 36).

**I.      Facts**

This is a medical malpractice action arising out of the care and treatment of F.N., a minor, in March 2013. (ECF No. 1). Plaintiffs are suing in their individual capacities and as representatives of their minor child F.N. (ECF No. 1).

On March 4, 2013, plaintiffs took F.N. to the Wendover Community Health Center ("WCHC") for evaluation and treatment of acute abdominal pain. (ECF No. 1). Physician assistant Emilse Peraza, an employee of NHC, treated F.N. (ECF No. 1). Plaintiffs allege that Peraza failed to diagnose F.N. with appendicitis. (ECF No. 1). Plaintiffs further allege that there were no medical doctors practicing at WCHC despite Nevada law's requirement that a physician's assistant be supervised by a board certified physician. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

Peraza diagnosed F.N. with gastroenteritis and an upper respiratory infection and prescribed Bactrim DS. (ECF No. 1). After returning home, F.N.'s symptoms persisted. (ECF No. 1). Plaintiffs called the clinic and were told that the clinic could not accommodate them at that time, so they set an appointment for a few days later. (ECF No. 1).

Plaintiffs eventually decided to take F.N. to Primary Children's Medical Center ("PCMC") in Salt Lake City, Utah. (ECF No. 1). Upon arrival at PCMC, physicians noted that F.N. had a variety of serious medical problems. (ECF No. 1). F.N. was diagnosed with a ruptured appendix. (ECF No. 1). F.N. had contracted bacteremia and peritonitis. (ECF No. 1).

WCHC is owned by Nevada Health Centers, Inc. ("NHC"), a federally-subsidized network of health clinics in Nevada. NHC is a federally supported health center pursuant to the Public Health Service Act, 42 U.S.C. §§ 254(b), 224 (g)–(n). Consequently, WCHC and its employees are considered employees of the federal government. As federal employees, any civil tort action against these individuals or entities is subject to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA").

On February 4, 2016, plaintiffs filed the underlying complaint against the government alleging four FTCA claims: (1) negligence/malpractice committed by Emilse Peraza; (2) negligence/medical malpractice committed by Dr. Felix DeGuzman and NHC; (3) negligence/medical malpractice committed by NHC employees; and (4) negligence committed by NHC. (ECF No. 1).

On April 25, 2016, the government moved to dismiss claims (2) and (4) of plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 11). Plaintiffs did not file a response. On May 23, 2016, the court dismissed claims (2) and (4). (ECF No. 18).

In the instant motion, the government moves to dismiss plaintiffs' remaining claims pursuant to Rule 12(b)(1) and 12(b)(6), as well as NRS 41A.071. (ECF No. 33).

## II.   Legal Standards

### A. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case

**James C. Mahan**
**U.S. District Judge**

- 2 -

unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint, or a "factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). For a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Rule 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987). By contrast, when presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### B. Failure to State a Claim

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable

> the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.   Discussion

In the instant motion, the government argues that the court is required to dismiss this action without prejudice and without leave to amend because plaintiffs failed to file the required affidavit pursuant to NRS 41A.071. (ECF No. 33). Citing to an unpublished opinion, *Swails v. United States*, 406 Fed. App'x 124 (9th Cir. 2010), the government asserts that the Ninth Circuit has affirmed that Nevada law requires dismissal without prejudice and without leave to amend under these circumstances. (ECF No. 33).

In response, plaintiffs contend that the government's argument fails because it overlooks Nevada Supreme Court precedent in *Baxter v. Dignity Health*, 357 P.3d 927 (Nev. 2015), which held that dismissal was unwarranted under these exact circumstances. (ECF No. 35 at 4). Plaintiffs assert that the affidavits referenced to in the complaint were served on the government two years ago in a prior action and that the government has repeatedly utilized these affidavits in the present case. (ECF No. 35 at 10).[1]

In the alternative, plaintiffs argue that even if dismissal were required, the court should grant plaintiffs' leave to amend the complaint pursuant to Rule 15(a). (ECF No. 35). In particular, plaintiffs assert that leave to amend is a procedural issue governed by the federal rules. (ECF No. 35).

---

[1] The previously filed matter of *Neaman et al v. Peraza et al.*, case number 2:14-cv-01307-JCM-NJK, was closed on January 20, 2016, pursuant to the parties' stipulation to dismiss without prejudice due to lack of subject matter jurisdiction. (*See* 2:14-cv-01307-JCM-NJK, ECF Nos. 56, 57). "Such a dismissal 'leaves the situation as if the action never had been filed.'" *City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002) (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2367, at 321 (2d ed.1995)). "This means that any future lawsuit based on the same claim [is] an entirely new lawsuit unrelated to the earlier (dismissed) action." *Id.* (alteration in original) (internal quotation marks and citation omitted). Accordingly, to the extent that plaintiffs argue that the filing of the affidavits in the prior action sufficiently satisfies NRS 41A.071's affidavit requirement in the present action, such argument fails. *Accord id.* at 1154 (holding that the state's waiver of immunity in a prior action dismissed pursuant to a stipulation to dismiss did not "carry over" to a subsequent action).

**James C. Mahan**
**U.S. District Judge**

- 5 -

In reply, the government argues that plaintiffs' original complaint filed in the prior case was extinguished by operation of law, *Baxter* does not alter the mandatory dismissal of a complaint filed without an affidavit pursuant to NRS 41A.071, and NRS 41A.071 is substantive law so as to preclude leave to amend. (ECF No. 36).

Claims (1) and (3) of plaintiffs' complaint allege medical malpractice under the FTCA committed by Peraza and NHC employees. (ECF No. 1). Claims of medical malpractice against federally-funded health care facilities and their employees acting in the scope of their employment, as here, must be pursued against the United States under the FTCA. *See* 42 U.S.C. § 233(g). Claims under the FTCA are governed by the substantive law of the state in which the claim arose. 28 U.S.C. § 1346(b)(1). Here, plaintiffs' claim arose in Nevada; therefore, Nevada law applies.

Section 41A.071 of the Nevada Revised Statutes provides that "[i]f an action for professional negligence is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit"—specifically, an affidavit that:

> 1. Supports the allegations contained in the action;
> 2. Is submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged professional negligence;
> 3. Identifies by name, or describes by conduct, each provider of health care who is alleged to be negligent; and
> 4. Sets forth factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms.

Nev. Rev. Stat. § 41A.071.[2] "[A] medical malpractice complaint filed without a supporting medical expert affidavit is void ab initio, meaning it is of no force and effect." *Washoe Med. Ctr. v. Second Judicial Dist. Court of State of Nev. ex rel. Cty. of Washoe*, 148 P.3d 790, 794 (Nev. 2006) ("A complaint that does not comply with NRS 41A.071 is void and must be dismissed.").

The instant action is subject to NRS 41A.071's affidavit requirement because it is an action for professional negligence.[3] In particular, plaintiffs have alleged two medical malpractice claims

---

[2] The "affidavit" can take the form of either a "sworn affidavit or an unsworn declaration made under penalty of perjury." *Buckwalter v. Eighth Judicial Dist. Court*, 234 P.3d 920, 922 (Nev. 2010).

[3] "Professional negligence" means "the failure of a provider of health care, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances

James C. Mahan
U.S. District Judge

- 6 -

and were therefore obligated to submit an affidavit when they filed suit. *See Swails*, 406 Fed. App'x at 124.

Plaintiffs do not dispute that the underlying complaint was filed without the requisite affidavit. (ECF No. 35). Rather, plaintiffs argue that it is sufficient that the complaint referenced the affidavits that were previously served to the government two years ago in a prior case. (ECF No. 35 at 8). Citing to *Baxter*, plaintiffs maintain that NRS 41A.071 does not mandate dismissal under the present circumstances because the affidavits in question have existed since 2014 and because the government has used the affidavits in the present action. (ECF No. 35). The court agrees.

In *Baxter*, the complaint incorporated the doctor's declaration and alleged that the declaration was being filed at or about the time of the filing of the complaint. 357 P.3d at 931. The declaration was filed five judicial hours after the complaint and was dated three days before the complaint was filed. *Id.* The *Baxter* court found that:

> [W]here the complaint incorporates by reference a preexisting affidavit of merit, which is thereafter filed and served with the complaint, and no party contests the authenticity of the affidavit or its date, the affidavit of merit may properly be treated as part of the pleadings in evaluating a motion to dismiss.

*Id.*

The *Baxter* court clarified that the language of "NRS 41A.071 does not state that the affidavit of merit must be physically attached to the malpractice complaint—or even physically filed, for that matter." *Id.* Finding that the defendants were in "no worse position" than if the

---

by similarly trained and experienced providers of health care." Nev. Rev. Stat. § 41A.015. Section 41A.017 of the NRS defines "provider of health care" as follows:

> [A] physician licensed pursuant to chapter 630 or 633 of NRS, physician assistant, dentist, licensed nurse, dispensing optician, optometrist, registered physical therapist, podiatric physician, licensed psychologist, chiropractor, doctor of Oriental medicine, medical laboratory director or technician, licensed dietitian or a licensed hospital, clinic, surgery center, physicians' professional corporation or group practice that employs any such person and its employees.

Nev. Rev. Stat. § 41A.017.

**James C. Mahan**
**U.S. District Judge**

- 7 -

plaintiff had attached the declaration to the complaint instead of filing it one day later, the *Baxter* court held that "[s]ubstantial justice is done by reading the complaint as incorporating the declaration in deciding dismissal." *Id.*

In its reply, the government argues that the *Baxter* decision did not alter *Washoe Med. Ctr.*'s binding interpretation of NRS 41A.071 that "a complaint that does not comply with NRS 41A.071 is void ab initio, it does not legally exist and thus it cannot be amended." (ECF No. 36 at 3 (quoting *Washoe Med. Ctr.*, 148 P.3d at 794)). Distinguishing the instant case from *Baxter*, the government asserts that plaintiffs admit the statute of limitations has expired in the present case. (ECF No. 36 at 3). The government contends that it "would be in a substantially worse position if the [c]ourt chose to disregard the applicable law and either deem the affidavits filed or allow amendment." (ECF No. 36 at 3).

The government's argument misses the point. Plaintiffs did not initiate the instant action without prior expert medical review so as to be consistent with NRS 41A.071's overall purpose: "to ensure that plaintiffs file non-frivolous medical malpractice actions 'in good faith based upon competent expert medical opinion.'" *Baxter*, 357 P.3d at 931 (quoting *Zohar v. Zbiegien*, 334 P.3d 402, 405 (Nev. 2014)). Similar to the plaintiff in *Baxter*, plaintiffs consulted with, and obtained affidavits from, medical experts prior to initiating the instant action. While plaintiffs failed to serve the affidavits with the complaint, the affidavits themselves were nonetheless obtained by plaintiffs prior to the filing of the complaint.

Further, the government's contention—that denial of its motion would leave the government in a substantially worse position—is unpersuasive. The government does not dispute plaintiffs' allegation that the government possessed and utilized the affidavits during discovery. Nor does the government argue that it was unable to adequately conduct discovery because plaintiffs failed to provide the affidavits. To the contrary, the government admits that it did not even notice that there were no affidavits attached to the complaint until after the completion of discovery. (ECF No. 33 at 2).

In light of the foregoing, the court finds denial of the government's Rule 12 motion to dismiss to be appropriate. Plaintiffs consulted with, and obtained affidavits from, medical experts

James C. Mahan
U.S. District Judge

prior to filing the underlying complaint and timely filed the complaint within the applicable statute of limitations so as to be consistent with NRS 41A.071's overall purpose and in accordance with *Baxter* and *Zohar*. Plaintiffs' failure to attach the affidavits to the complaint filed, alone, does not constitute a failure to comply with NRS 41A.071 as "NRS 41A.071 does not state that the affidavit of merit must be physically attached to the malpractice complaint—or even physically filed, for that matter." *Baxter*, 357 P.3d at 931. Further, plaintiffs' failure to attach the affidavit to the complaint filed placed the government in no worse of a position. Accordingly, the court will deny the government's Rule 12 motion to dismiss.

### IV.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion to dismiss (ECF No. 33) be, and the same hereby is, DENIED.

DATED April 4, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 9 -